### 18110.   CLINTON *v.* THE STATE.

LUKE, J.  1. Though conflicting, the evidence warranted the conviction of assault with intent to murder.

2. There being evidence that the defendant, a negro woman, while a passenger on a street-car, cursed and was guilty of such improper conduct as tended to cause a breach of the peace, and that the conductor was attempting to eject her from the car when she cut him, those provisions of section 927 of the Penal Code (1910) which were given in charge to the jury were applicable to the facts of the case, and this part of the charge was not subject to the exceptions taken.

3. The court's charge, that in order to convict of assault with intent to murder "all the essentials of murder must exist save alone the killing,"

Criminal Law, 16 C. J. p. 1049, n. 82; p. 1050, n. 84; p. 1053, n. 93.
Homicide, 30 C. J. p. 318, n. 96; p. 337, n. 86; p. 355, n. 70.

and that "in the trial of this case you should view the transaction as if death had resulted," was not reversible error "because it failed to instruct the jury as to the difference between the rule where death results from an assault and where death does not result," the jury being further charged as follows: "Such assault must have been made with a weapon likely to produce death in the manner in which it was used at the time. The assault must have been actuated by malice, either express or implied. It must have been made by a person making the assault with felonious intent at the time to kill the person alleged to have been assaulted. The burden is upon the State to establish beyond a reasonable doubt each and all of the essential elements to have existed at the time the defendant committed the offense charged, if she did commit it, before she could be convicted of the offense of assault with intent to murder, and that that offense, if it was committed, was not justified, or justifiable, under the law of self-defense."

4. Under the facts of this case it was not reversible error for the court to charge as to implied malice, in the words of section 62 of the Penal Code (1910).

5. Error is assigned because the court, after defining justifiable homicide in practically the language of section 70 of the Penal Code (1910), instructed the jury that "if a person should kill another under the apprehension or fear that his life is in imminent peril, or that some bodily harm is about to be inflicted upon him amounting to a felony, then the clause relating to justifiable homicide as just read to you would be applicable;" the assignment being that "the last mentioned charge was not full and explicit enough for the jury to understand that if a killing was done under the circumstances enumerated, the slayer would be justifiable." This assignment was not meritorious, in view of the following charge: "If the defendant was justified in what she did, . . or if you have a reasonable doubt as to whether or not she was justified, or if you believe that she did not commit the offense, . . or if you have a reasonable doubt about it, then she should be acquitted."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 14, 1927.

Assault with intent to murder; from Fulton superior court— Judge E. D. Thomas. March 12, 1927.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.